**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **7**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Alaskan Seismic Holdings, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **81-0691361** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **4430 Mitzie Ct.**<br>**Wasilla, AK 99654**<br>Number, Street, City, State & ZIP Code | **P.O. Box 876489**<br>**Wasilla, AK 99687**<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Matanuska Susitna**<br>County | **Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    _____

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Alaskan Seismic Holdings, LLC | Case number (*if known*) |
|--------|-------------------------------|--------------------------|
|        | Name                          |                          |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

Debtor    **Alaskan Seismic Holdings, LLC**                                   Case number (*if known*) _____
_____
Name

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ■ No<br>☐ Yes. |

List all cases. If more than 1, attach a separate list

| Debtor | _____ | Relationship | _____ |
|---|---|---|---|
| District | _____ When | _____ Case number, if known | _____ |

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br><br>■  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| | |
|---|---|
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?** _____<br>                                                Number, Street, City, State & ZIP Code<br><br>**Is the property insured?**<br><br>☐ No<br><br>☐ Yes.    Insurance agency _____<br>            Contact name _____<br>            Phone _____ |

---

■ **Statistical and administrative information**

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☐ Funds will be available for distribution to unsecured creditors.<br><br>■ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| **14. Estimated number of creditors** | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

| **15. Estimated Assets** | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Debtor    **Alaskan Seismic Holdings, LLC**                                    Case number (*if known*) _____
          Name

☐ $50,001 - $100,000              ☐ $10,000,001 - $50  million        ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000             ☐ $50,000,001 - $100 million        ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million           ☐ $100,000,001 - $500 million       ☐ More than $50 billion

Debtor  **Alaskan Seismic Holdings, LLC**        Case number (*if known*)
       Name

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature
of authorized
representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/27/2021
       MM / DD / YYYY

X _____      William VanDyke
      Signature of authorized representative of debtor        Printed name

Title    *CEO*

**18. Signature of attorney**    **X**   /s/ Christopher M. Samis        Date   07/27/2021
          Signature of attorney for debtor          MM / DD / YYYY

       **Christopher M. Samis**
       Printed name

       **Potter Anderson & Corroon LLP**
       Firm name

       **1313 North Market Street, 6th Floor
Wilmington, DE 19801**
       Number, Street, City, State & ZIP Code

       Contact phone    **302-984-6000**      Email address   **csamis@potteranderson.com**

       **DE Bar No. 4909**
       Bar number and State

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 7 |
| Alaskan Seismic Holdings, LLC, | Case No. 21 -____ (___) |
| Debtor. | |

## STATEMENT OF CORPORATE OWNERSHIP

I, William Van Dyke, Chief Executive Officer of ALASKAN SEISMIC HOLDINGS, LLC (the "Debtor"), hereby state pursuant to pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure that the following corporate entity directly or indirectly owns 10% of more of the Debtor's member interests.

| EQUITY HOLDER | PERCENTAGE OF TOTAL EQUITY |
|---|---|
| Palmyra Energy Ventures Fund I, L.P. | 85% |

Dated: July 27, 2021

Signature: _____

William Van Dyke, Chief Executive Officer
ALASKAN SEISMIC HOLDINGS, LLC

**WRITTEN ACTION OF THE MEMBERS OF
ALASKAN SEISMIC HOLDINGS, LLC**

**Effective Date:  July 27 , 2021**

THE UNDERSIGNED, constituting all of the members (the "Members") of Alaskan Seismic Holdings, LLC, a Delaware limited liability company (the "Company"), hereby approves and adopts the following recitals and resolutions in accordance with the Delaware Limited Liability Company Act and applicable provisions of the Company's Operating Agreement:

WHEREAS, the Members have considered the business and financial conditions and results of operations of the Company on the date hereof, including the assets and liabilities of the Company; and

WHEREAS, the Members have reviewed, considered and received the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under Chapter 7 of Title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.,* the "Bankruptcy Code");

WHEREAS, based on factors and information deemed relevant by the Members, in the judgment of the Members, it is in the best interests of the Company, as well as the best interests of the Company's creditors and other interested parties under the circumstances set forth herein, that the Company file a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of the Company.

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Members, it is desirable and in the best interests of the Company, its creditors and other parties in interest, taken as a whole, that the Company file or cause to be filed a voluntary petition for relief under the provisions of Chapter 7 of the Bankruptcy Code; and

RESOLVED FURTHER that the officers of the Company (the "Authorized Officers"), be and hereby are authorized to: (i) execute and file (or direct others to do so on his behalf as provided herein) on behalf of the Company a petition under Chapter 7 of the Bankruptcy Code with a United States Bankruptcy Court in such form and at such time as the Authorized Officers executing said petition on behalf of the Company shall determine and (ii) execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers related thereto, and (iii) employ and retain all assistance of legal counsel, accountants or other professionals and to take any and all actions which he deems to be necessary and proper in connection with the Chapter 7 case; and

RESOLVED FURTHER that the Authorized Officers are hereby authorized and directed to take all steps and do all acts and things, including the execution and delivery of documents, as may be necessary or as may be deemed to be necessary, advisable or appropriate by the Authorized Officers to effectuate the purposes and intents of the foregoing resolutions; and

RESOLVED FURTHER that any and all acts taken and any and all certificates, instruments, agreements, or other documents executed on behalf of the Company by the Authorized Officers of the Company prior to the adoption of these resolutions with regard to any of the transactions, actions, certificates, instruments, agreements, or other documents authorized or approved by the foregoing resolutions be, and hereby are, in all respects, ratified, confirmed, adopted, and approved; and

RESOLVED FURTHER that any specific resolutions that may be required to have been adopted by the Members to effectuate the matters and transactions contemplated by the foregoing resolutions be, and they hereby are, adopted, and the Members, Authorized Officers, and authorized representatives of the Company be, and each of them acting alone hereby is authorized, in the name of and on behalf of the Company to certify as to the adoption of any and all such resolutions; and

RESOLVED FURTHER that each Authorized Officers shall be, and hereby is, authorized and empowered on behalf of the Company and in its name to take or cause to be taken all actions and to execute and deliver all such instruments that the Authorized Officers determine are necessary or desirable in connection with or in furtherance of the foregoing resolutions; and

RESOLVED FURTHER that this consent may be executed by facsimile, telecopy or other reproduction, and such execution shall be considered valid, binding and effective for all purposes.

IN WITNESS WHEREOF, the undersigned certifies to the foregoing resolutions as of the 27th day of **July, 2021.**

**Member:**

By: _____

William Van Dyke

**Member:**

Palmyra Energy Ventures Fund I, L.P.

By: _____

Vlad Bayer

Its:____Authorized Representative____

IN WITNESS WHEREOF, the undersigned certifies to the foregoing resolutions as of the 27th day of July, 2021.

**Member:**

By: _____
      William Van Dyke

**Member:**

Palmyra Energy Ventures Fund I, L.P.

By: _____*Vlad Bayer*_____
      Vlad Bayer
Its: _____Authorized Representative_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Alaskan Seismic Holdings, LLC, | Case No. 21 -_____ (___) |
| Debtor. | |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTORS

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ...................................................... $117,028.00[1]

   Prior to the filing of this statement I have received..........................................$117,028.00

   Balance Due ........................................................................................................ $0.00

2. The source of the compensation paid to me was:

   ☑ Debtor            ☐ Other (specify)

3. The source of compensation to be paid is:

   ☐ Debtor            ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, and statements of affairs which may be required;

---

[1] This amount was agreed to in connection with the chapter 7 cases of the Debtor and its five debtor affiliates.

    c.    Representation of the debtor at the meeting of creditors, and any adjourned hearings thereof;

    d.    Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.    [Other Provisions as needed].
   **Working with the debtor to provide information to, and respond to questions and information requests from, the chapter 7 trustee.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

## CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| July 27, 2021 | /s/ Christopher M. Samis |
|---|---|
| Date | Signature of Attorney |
| | POTTER ANDERSON & CORROON LLP |
| | Name of Law Firm |

**United States Bankruptcy Court**
**District of Delaware**

In re   **Alaskan Seismic Holdings, LLC** _____   Case No. _____

                                   Debtor(s)          Chapter   **7** _____

## VERIFICATION OF CREDITOR MATRIX

I, the Chief Executive Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   July 27, 2021 _____          _____

                                   **William Van Dyke/Chief Executive Officer**
                                   Signer/Title

Alaskan Seismic Holdings, LLC
4430 Mitzie Ct.
Wasilla, AK 99654


Clean Harbors
300-444 58th Ave., SE
Calgary, Alberta T2H 0P4
Canada


Palmyra Energy Capital, LLC
6 Marilane Street
Houston, TX 77007


Palmyra Energy Holdings, LLC
6 Marilane Street
Houston, TX 77007


Palmyra Energy Ventures Fund I, L.P.
6 Marilane Street
Houston, TX 77007


Palmyra Energy Ventures GP I, LLC
6 Marilane Street
Houston, TX 77007


SAExploration
13654 North Promenade Blvd.
Houston, TX 77477


State of Alaska Department of Revenue
550 West 7th Ave., Suite 500
Anchorage, AK 99501


TGS
10451 Clay Road
Houston, TX 77043


William Van Dyke
4430 Mitzie Ct.
Wasilla, AK 99654

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Alaskan Seismic Holdings, LLC, | Case No. 21 -____ (___) |
| Debtor. | |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY
AND DISCLAIMER REGARDING DEBTORS' SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") of Alaskan Seismic Ventures, LLC ("ASV"), Alaskan Seismic Holdings, LLC ("ASH"), Palmyra Energy Ventures Fund I, L.P. ("PEV Fund"), Palmyra Energy Capital, LLC ("PEC"), Palmyra Energy Ventures GP I, LLC ("PEV GP"), and Palmyra Energy Holdings, LLC ("PEH" and collectively with ASV, ASH, PEV Fund, PEC and PEV GP, the "Debtors"), filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") are unaudited and have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware by the Debtors' management with the assistance of its advisors.  Although the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete, based on information that was available at the time of preparation, the Schedules and Statements remain subject to further revision and verification by the Debtors. Subsequent receipt or discovery of information may result in material changes in financial and other data contained in the Schedules and Statements.  Moreover, inadvertent errors or omissions may exist.  Accordingly, the Debtors reserve the right to amend or supplement the Schedules and Statements from time to time as may be necessary or appropriate.  These notes (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1.      On July 27, 2021 (the "Petition Date"), each of the Debtors filed their voluntary petitions for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").  Except as otherwise noted, all asset and liability information is as near as possible to the Petition Date.

2.      The Debtors and their officers, agents, and attorneys do not guarantee or warrant the accuracy, completeness or timeliness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  The Debtors and their officers, agents, and attorneys expressly do not undertake any obligation to update, modify, revise or re-

categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  In no event shall the Debtors or their officers, agents, and attorneys be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused.

3.      The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements otherwise prepared and/or distributed by the Debtors.

4.      Based on the information available at the time of preparation, the Debtors' management made every reasonable effort to ensure the Schedules and Statements are as accurate and complete as possible, but inadvertent errors or omissions may have occurred.  Because the Schedules and Statements contain unaudited information, which is subject to further review, verification and potential adjustment, there can be no assurance that these Schedules or Statements are complete.  Subsequent information or discovery may result in material changes to these Schedules or Statements.

5.      For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule F as "unsecured nonpriority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of any claimant.

6.      Any failure to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated" or is not subject to objection.  The Debtors reserve the right to dispute, or to assert setoff rights, counterclaims or defenses to, any claim reflected on its Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

7.      All amounts shown in the Schedules and Statements are in U.S. Dollars.

8.      Wherever possible, amounts owed as of the Petition Date are presented.  Some of the scheduled liabilities are unknown, contingent and/or unliquidated at this time.  In some cases, the amounts are listed as $0.00 or "Unknown." Accordingly, the Schedules and Statements do not accurately reflect the aggregate amount of the Debtors' total liabilities.

9.      Certain of the Schedules and Statements may list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  Accordingly, the actual unpaid claims of creditors that may be allowed in the Debtors' cases may differ from the amounts set forth in the Schedules and Statements.

10.     The Debtor has made reasonable efforts to correctly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFA.   However, the Debtor nonetheless may have improperly characterized, classified, categorized or designated certain items.  Thus, the Debtor reserves all

2

rights to recharacterize, reclassify, recategorize or redesignate items reported in the Schedules and SOFA at a later time as is necessary or appropriate.

11.    Despite reasonable efforts to identify all known assets, the Debtors might not have identified and/or set forth all of its causes of action against third parties as assets in its Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under relevant non-bankruptcy laws to recover assets.    The Debtors reserve any and all rights with respect to any causes of action it may have, and neither these Global Notes, nor the Schedules shall be deemed a waiver of any such right or cause of action.

12.    In the circumstance where the Schedules and Statements require information regarding insiders and/or officers and directors, the Debtors have attempted to include therein the Debtors' (a) "directors" (or persons in similar positions), and (b) employees that may be, or may have been during the relevant period, "officers," as such term is defined by applicable law.  The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Certain employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

13.    These Global Notes are in addition to the specific notes set forth in the individual Schedules and Statements.  Disclosure of information in one Schedule, Statements, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statements, exhibit or continuation sheet.

14.    The Debtors specifically reserve the right to amend, modify, supply, correct, change or alter any part of the Schedules and Statements as and to the extent necessary or as they deem appropriate.

15.    In the event that the specific notations on the Schedules and Statements conflict or contradict these Global Notes, these Global Notes shall control.

16.    The Schedules, Statements, and these Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors.

## Specific Notes

17.    Because PEH owns 100% of both PEC and PEV GP, PEH's books and records consolidate the books and records of PEC and PEV GP for accounting purposes.  Accordingly, the assets and liabilities that are included in the Schedules and Statements of PEC and PEV GP are additionally listed as assets and liabilities of PEH.

IMPAC 7238191v.1

18.    <u>Schedule D</u>:  Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature or amount of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided on Schedule D are intended only to be a summary.  Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights.

19.    <u>Disputed, Contingent and/or Unliquidated Claims</u>:  Schedules D, E and F permit each of the Debtors to designate a claim as disputed, contingent, and/or unliquidated.  A failure to designate a claim on any of these schedules as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection.  The Debtors reserve the right to dispute, or assert offsets or defenses to any claim reflected on these Schedules as to nature, amount, liability, or status or to otherwise designate any claim as disputed, contingent or unliquidated.

20.    <u>Schedule G</u>:  Certain information, such as contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts.  Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or unexpired lease was in effect on the Petition Date or is valid or enforceable.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

21.    <u>Schedule H</u>:  Schedule H reflects guarantees or other obligations by various of the Debtors' affiliates of obligations primarily vested in other related affiliates.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  The Debtors reserve their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or to be unenforceable.

***END OF GLOBAL NOTES***

**SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE**

4

**Fill in this information to identify the case:**

Debtor name    **Alaskan Seismic Holdings, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1.    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
        Copy line 88 from *Schedule A/B*....................................................................................................    $ _____ **0.00**

    1b. **Total personal property:**
        Copy line 91A from *Schedule A/B*..................................................................................................    $ _____ **0.00**

    1c. **Total of all property:**
        Copy line 92 from *Schedule A/B*....................................................................................................    $ _____ **0.00**

| Part 2: | Summary of Liabilities |
|---|---|

2.    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................    $ _____ **0.00**

3.    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
        Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................................................    $ _____ **0.00**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................    +$ _____ **0.00**

4.    Total liabilities .........................................................................................................................
    Lines 2 + 3a + 3b

$ _____ **0.00**

**Fill in this information to identify the case:**

Debtor name   **Alaskan Seismic Holdings, LLC**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known)  _____

☐ Check if this is an
   amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property     12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |

**1. Does the debtor have any cash or cash equivalents?**

   ■ No. Go to Part 2.
   ☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |

| Part 2: | Deposits and Prepayments |

**6. Does the debtor have any deposits or prepayments?**

   ■ No. Go to Part 3.
   ☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |

**10. Does the debtor have any accounts receivable?**

   ■ No. Go to Part 4.
   ☐ Yes Fill in the information below.

| Part 4: | Investments |

**13. Does the debtor own any investments?**

   ☐ No. Go to Part 5.
   ■ Yes Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |

14.   **Mutual funds or publicly traded stocks not included in Part 1**
     Name of fund or stock:

15.   **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
     Name of entity:               % of ownership

| | | | | | |
|---|---|---|---|---|---|
| 15.1. | **Alaskan Seismic Ventures, LLC** | **100** | % | **Equity** | **$0.00** |

Debtor    **Alaskan Seismic Holdings, LLC**                                         Case number *(If known)*  _____
          Name

16.    **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
       Describe:

17.    **Total of Part 4.**                                                              | $0.00
       Add lines 14 through 16.  Copy the total to line 83.

| Part 5: | Inventory, excluding agriculture assets |
|---------|------------------------------------------|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

   ■ No.  Go to Part 6.
   ☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---------|------------------------------------------|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

   ■ No.  Go to Part 7.
   ☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---------|------------------------------------------|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

   ■ No.  Go to Part 8.
   ☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |
|---------|------------------------------------------|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

   ■ No.  Go to Part 9.
   ☐ Yes Fill in the information below.

| Part 9: | Real property |
|---------|------------------------------------------|

54. **Does the debtor own or lease any real property?**

   ■ No.  Go to Part 10.
   ☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |
|----------|------------------------------------------|

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ■ No.  Go to Part 11.
   ☐ Yes Fill in the information below.

| Part 11: | All other assets |
|----------|------------------------------------------|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ■ No.  Go to Part 12.
   ☐ Yes Fill in the information below.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

| Debtor | **Alaskan Seismic Holdings, LLC** | Case number *(If known)* |
|---|---|---|
| | Name | |

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.......................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $0.00 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

**Fill in this information to identify the case:**

Debtor name  **Alaskan Seismic Holdings, LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

 ■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

 ☐ Yes. Fill in all of the information below.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name  **Alaskan Seismic Holdings, LLC**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known)  _____

☐ Check if this is an
  amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

  ■ No. Go to Part 2.

  ☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
    out and attach the Additional Page of Part 2.

| 3.1 | | |
|---|---|---|

**Nonpriority creditor's name and mailing address**

**Date or dates debt was incurred** ____

**Last 4 digits of account number** ____

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

Is the claim subject to offset? ☐ No  ☐ Yes

### Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies,
   assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ 0.00 |
| **5b. Total claims from Part 2** | 5b.  + | $ 0.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

**Fill in this information to identify the case:**

Debtor name    **Alaskan Seismic Holdings, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.2    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.3    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.4    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name     **Alaskan Seismic Holdings, LLC**

United States Bankruptcy Court for the:     DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 **Alaskan Seismic Ventures, LLC** | **4430 Mitzie Ct. Wasilla, AK 99654** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.2 **Palmyra Energy Capital, LLC** | **6 Marilane Street Houston, TX 77007** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.3 **Palmyra Energy Holdings, LLC** | **6 Marilane Street Houston, TX 77007** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.4 **Palmyra Energy Ventures Fund I, L.P.** | **6 Marilane Street Houston, TX 77007** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.5 **Palmyra Energy Ventures GP I, LLC** | **6 Marilane Street Houston, TX 77007** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

**Fill in this information to identify the case:**

Debtor name __**Alaskan Seismic Holdings, LLC**_____

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE_____

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy      04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

**Part 1:    Income**

1.  **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2021** to **Filing Date** | ☐ Operating a business<br>☐ Other _____ | **$0.00** |
| **For prior year:**<br>From  **1/01/2020** to **12/31/2020** | ☐ Operating a business<br>☐ Other _____ | **$0.00** |
| **For year before that:**<br>From  **1/01/2019** to **12/31/2019** | ☐ Operating a business<br>☐ Other _____ | **$0.00** |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits,
    and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before
    filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22
    and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
    List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed
    or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                                  Best Case Bankruptcy

Debtor    **Alaskan Seismic Holdings, LLC**                                    Case number *(if known)*

may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

### Part 3:    Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

### Part 4:    Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

### Part 5:    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

Debtor    **Alaskan Seismic Holdings, LLC**                                    Case number *(if known)* _____

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

    ■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|

**Part 8:    Health Care Bankruptcies**

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

    ■ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:    Personally Identifiable Information**

Debtor    **Alaskan Seismic Holdings, LLC**                                              Case number *(if known)*

16. **Does the debtor collect and retain personally identifiable information of customers?**

   ■ No.
   ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

   ■ No. Go to Part 10.
   ☐ Yes. Does the debtor serve as plan administrator?

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

   ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

   ■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

   ■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

   ■ None

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
   *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

   *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

   *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                            Best Case Bankruptcy

| Debtor | Alaskan Seismic Holdings, LLC | Case number *(if known)* | |
|---|---|---|---|

similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ No.
    ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
    Include this information even if already listed in the Schedules.

    ☐ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| | | **Dates business existed** |
| 25.1. **Alaskan Seismic Ventures**<br>**P.O. Box 876489**<br>**Wasilla, AK 99687** | **Seismic data library** | EIN:  **473968884**<br><br>From-To  **6/15/2015 - 12/1/2015** |

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1. **William Van Dyke**<br>**4430 Mitzie Ct.**<br>**Wasilla, AK 99654** | **1/1/2019 - 4/22/2021** |

    26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

    ■ None

    26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor    **Alaskan Seismic Holdings, LLC** _____    Case number *(if known)* _____

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Vladislav Bayer | 6 Marilane Street Houston, TX 77007 | Owner | 85 |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| William Van Dyke | 4430 Mitzie Ct. Wasilla, AK 99654 | Owner | 15 |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No

☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No

☐ Yes. Identify below.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor    **Alaskan Seismic Holdings, LLC**                                          Case number *(if known)*

_____                            _____

Name of the pension fund                                                             **Employer Identification number of the parent corporation**

| Part 14: | Signature and Declaration |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    July 27, 2021

_____            _____
Signature of individual signing on behalf of the debtor        Printed name    William VanDyke

Position or relationship to debtor    Chief Executive Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

■ No

☐ Yes

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Fill in this information to identify the case:

Debtor name **Alaskan Seismic Holdings, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■    *Schedule H: Codebtors* (Official Form 206H)

■    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    Amended *Schedule*

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐    Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    July 27, 2021                    x _____
                                                    Signature of individual signing on behalf of debtor

                                                    **William Van Dyke**
                                                    Printed name

                                                    **Chief Executive Officer**
                                                    Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy